UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPHINE M. MALDONADO
    Plaintiff

v.                                      Case No.      cv

CHASE HOME FINANCE, LLC
    Defendant

# COMPLAINT

## Introduction

1. Defendant is the mortgage company that services the mortgage on Plaintiff's primary residence. This lawsuit is for Defendant's failure to comply with its responsibilities under the federal Home Affordable Modification Program related to Plaintiff's loan-modification application by failing to evaluate her for a modification within the required time and failing to provide her with required notices under that program. Under that program's guidelines, based on the Plaintiff's income and other factors, she is qualified for a loan modification. Defendant also violated the Truth in Lending Act by failing to provide the identity of the investor that owns Plaintiff's mortgage, which request she made in order to explore her options for obtaining a loan modification. Defendant has ignored Plaintiff's demand letter under the Massachusetts Consumer Protection Act. Plaintiff requests declaratory relief, actual damages, statutory damages, treble damages, attorney's fees, and costs.

## Federal Jurisdiction

2. The jurisdiction of this court over Count I, Plaintiff's state law claim, is invoked pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367.

3. The jurisdiction of this court for Count II is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and that a substantial portion of the acts giving rise to this action occurred in this District.

## Parties

6. Josephine M. Maldonado ("Plaintiff") is a natural person residing at 152 Warwick Ct., Methuen, Essex County, Massachusetts 01844. She is employed as a social worker for the Massachusetts Department of Children and Families.

7. Chase Home Finance, LLC ("Defendant") is a limited liability company with principal offices 3415 Vision Dr., Columbus, Ohio 43219. Defendant regularly does business within the District of Massachusetts. On information and belief, Defendant is a subsidiary of JP Morgan Chase Bank, N.A.

## Factual Background

8. Defendant's principal business is the servicing and origination of mortgage loans.

9. Defendant services the mortgage on Plaintiff's residence.

**Count I:**
**Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9**
**Failure to Comply with the Home Affordable Modification Program**

10. The preceding paragraphs are incorporated by reference.

11. Plaintiff is not a person entitled to bring an action under M.G.L. c. 93A, § 11.

12. Defendant is engaged in trade or commerce in Massachusetts.

13. Defendant engaged in unfair or deceptive acts or practices with respect to Plaintiff in violation of the Massachusetts Consumer Protection Act, as described in more detail below.

*Count I, Part A:  Background on the HAMP Program*

14. To avert the national foreclosure crisis, the U.S. Department of the Treasury ("Treasury") has established the federal Home Affordable Modification Program ("HAMP").

15. Under HAMP, Treasury makes incentive payments to participating mortgage servicers in return for those servicers agreeing to follow HAMP program guidelines issued by Treasury.

16. Those guidelines provide a step-by-step process under which mortgage servicers evaluate homeowners for loan modifications that reduce homeowners' mortgage interest rates, and/or extend the repayment period of the loans, and/or forgive principal.

17. Defendant has entered into a contract with Treasury establishing Defendant's participation in HAMP (the "HAMP Contract"). (Attached in part as **Exhibit A**.)

18. Under its HAMP Contract, Defendant agreed to follow the guidelines issued by Treasury which are incorporated by reference into the Defendant's HAMP Contract.

### Count I, Part B: *Defendant's Violations of HAMP Guidelines*

19. One of these guidelines, Supplemental Directive 09-07 ("SD 09-07") establishes deadlines for Defendant's response to borrowers' applications for loan modifications. (Supplemental Directive 09-07 is attached in relevant part as **Exhibit B**.)

20. Specifically, SD 09-07 requires that Defendant provide written acknowledgement of a borrower's loan-modification application within 10 business days, and that Defendant send a trial modification package to eligible borrowers within 30 calendar days.

21. Alternatively, if a borrower is not eligible for HAMP, Defendant is required under SD 09-07 to communicate that determination to the borrower in writing so that the borrower can either resubmit their financial information, challenge the determination of ineligibility, or be considered by the Defendant for foreclosure alternatives.

22. Under HAMP guidelines, Plaintiff is eligible for a loan modification.

23. On February 13, 2010, Plaintiff, by counsel, sent a completed HAMP loan-modification application to Defendant, which included income verification, bank statements, the official HAMP Request for Modification and Affidavit form, and other documentation.

24. Defendant received Plaintiff's HAMP loan-modification application on the day it was sent.

25. Defendant failed to comply with its obligations under SD 09-07 by:

    a. Failing to send written acknowledgement of Plaintiff's loan-modification request within 10 days; and

    b. Failing to send an approval or disapproval under HAMP with 30 calendar days.

26. Defendant's failure to comply with its obligations under SD 09-07 is an unfair or deceptive business practice in violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

27. Plaintiff mailed a written demand letter pursuant to Defendant on February 22, 2010, reasonably describing the unfair or deceptive acts or practices of Defendant, as well as the injury suffered, pursuant to the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 9, asking for compliance with HAMP, evaluation of her mortgage for a loan modification, and a reasonable offer of settlement under the Consumer Protection Act. (**Exhibit C**.)

28. Defendant received Plaintiff's demand letter on February 24, 2010. (**Exhibit D**.)

29. Over 30 days have elapsed since Defendant received Plaintiff's demand letter, and Defendant has failed to respond at all to Plaintiff's demand letter.

30. As a direct result of Defendant's violation of the Consumer Protection Act, Plaintiff has suffered actual damages, including but not limited to not being considered for a loan modification, and having her home put in imminent danger of foreclosure by Defendant.

## Count II:
## Truth In Lending Act, 15 U.S.C. § 1640
## Failure to Provide Identity of Owner of Mortgage

31. The preceding paragraphs are incorporated by reference.

32. At all relevant times, Defendant, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

33. Under the Truth in Lending Act, 15 U.S.C. § 1641(f)(2), a mortgage servicer must provide a homeowner with the identity and contact information of the owner of the homeowner's mortgage:

    > Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

34. Under recent amendments to the Truth in Lending Act, enacted pursuant to the Helping Families Save Their Homes Act of 2009, Pub. L. 111-22, § 404, the penalty for violation of 15 U.S.C. § 1641(f)(2) is damages of up to $4,000, actual damages, costs, and attorney's fees.

35. On January 22, 2010, Plaintiff, by counsel, requested the identity of the owner of her mortgage pursuant to 15 U.S.C. § 1641(f)(2). (**Exhibit E**.)

36. Defendant has failed to respond to Plaintiff's request, and has not provided Plaintiff with any information at all responsive to her above request.

37. Plaintiff has been damaged by Defendant's failure to respond to her request in that she has been unable to obtain information about her mortgage that would enable her to explore loss-mitigation and loan-modification options in order to avoid foreclosure of her home, and has been deprived of her right to obtain the identity of the owner of her mortgage obligation.

## Prayer for Relief

WHEREFORE, Plaintiff prays that the Court:

A. Assume jurisdiction of this case;

B. Issue an injunction ordering Defendant to immediately evaluate Plaintiff for a loan modification under the Home Affordable Modification Program as Defendant is obliged to do under its HAMP Contract'

C. Issue a declaratory judgment that Defendant violated the Massachusetts Consumer Protection Act and the Truth in Lending Act;

D. Award Plaintiff actual damages, costs, and reasonable attorney fees as provided under 15 U.S.C. § 1640(a) and M.G.L. c. 93A, § 9;

E. Award Plaintiff treble damages under M.G.L. c. 93A, § 9, for Defendant's failure to respond to Plaintiff's demand letter with a reasonable offer of settlement;

F. Award Plaintiff statutory damages of $4,000 under 12 U.S.C. § 1640; and

G. Award such other and further relief as the Court deems necessary and just.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

                    Plaintiff,
                    Josephine Maldonado,

            By:  /s/*Josef Culik*
                    Josef Culik (BBO 672665)
                    Culik Law P.C.
                    100 Cummings Center
                    Suite 425G
                    Beverly, MA 01915
                    Tel:  978-910-0248
                    Fax: 978-910-0247
                    josef@culiklaw.com

Dated: <u>May 24, 2010</u>